IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANTHONY PRESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>BILLY E. HORTON, DDS, DIRECTOR UTMB; MARJORIE KOVACEVICH, U.T.M.B. DIR.; EMILY J. MIELSCH, ASSOCIATE VICE PRESIDENT U.T.M.B., DMD; CALEB HARDMAN, UTMB DR.; DAVID YEBRA, U.T.M.B TRAINING AND LEADER DEVELOPMENT DIVISION; PAM PACE, PRACTICE MANAGER, H.H. COFFIELD PRISON UNIT; IFEANYIE CHUKWUKA, TREATMENT PROVIDER, N.P., H.H. COFFIELD PRISON UNIT; AND DANIEL COMEAX, DR., H.H. COFFIELD PRISON UNIT;<br><br>Defendants. | § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO.  6:24-CV-00073-JCB |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On February 22, 2024, Plaintiff Anthony Prescott, proceeding pro se and requesting to proceed *in forma pauperis*, filed the instant action alleging claims pursuant to 42 U.S.C. § 1983 in the District of Colorado. (Doc. No. 1.) On March 1, 2024, the case was transferred to this district. (Doc. No. 4.) On March 5, 2024, the court issued an order directing Plaintiff to amend his complaint in this matter. (Doc. No. 7.) The court outlined the deficiencies in Plaintiff's complaint and mailed him a copy of the court's order along with a standard section 1983 form. *Id*. The court ordered Plaintiff to amend his complaint on the standard form stating specific facts to support his

1

claims within 30 days of the court's order. *Id.* The court warned that "[f]ailure to replead in conformity with this order may result in dismissal of the complaint." *Id.* at 5. USPS records indicate that the order was delivered to Plaintiff on March 11, 2024.[1]

On April 1, 2024, Plaintiff filed an "objection" and "motion seeking waiver of filing fee." (Doc. No. 11.) Because Plaintiff is proceeding pro se, the court will construe this filing liberally as an attempt to timely file an amended complaint in compliance with the court's order. Plaintiff indicates that his filing is less than 30 pages in compliance with Local Rule CV-3(d), but states that he refuses to plead his allegations on the standard prisoner complaint form, as directed by the court, because he was not incarcerated at the time of filing. *Id.* at 3. Despite Plaintiff's explicit refusal to comply with the court's order by filing his pleadings on the standard § 1983 form, he would have been well served in doing so as the form provides pro se litigants a useful template to set forth the factual basis of their claims, the individuals being sued, and the relief sought. Moreover, although Plaintiff is not presently incarcerated, his allegations relate to his time of incarceration. As such, the form is designed to be an aid to Plaintiff to allege claims that can pass initial screening scrutiny. Instead, Plaintiff filed 16 pages regurgitating boilerplate rules and caselaw without addressing the merits of any claims that he may have. (Doc. No. 11.) Pursuant to § 1915(e)(2), the court now reviews these allegations.

>28 U.S.C. § 1915(e)(2) provides that:
>
>Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>(A) the allegation of poverty is untrue; or
>
>(B) the action or appeal—
>
>    (i)   is frivolous or malicious;

---

[1] https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=7020-1810-0000-1090-9682%2C&tABt=false

      (ii)  fails to state a claim on which relief may be granted; or

      (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8 (To state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought"). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678.

The pleading of a *pro se* plaintiff is to be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. S. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *See Rios v. City of Del*

3

*Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

Here, Plaintiff states that his claims arise "from the defendants allegedly working together to physically harm and terrorize the plaintiff through food contamination and privacy violations on numerous occasions and across different marketplaces." (Doc. No. 11, at 9.) Specifically, Plaintiff states that he was subject to food tampering and destruction of personal property by Defendants and that cell invasions occurred for no legitimate penological purpose other than an invasion of privacy. *Id.* at 8.

Even construing these allegations liberally, Plaintiff's complaints fail to state a claim. In order to state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed.R.Civ.P. 8. Plaintiff must meet the Rule 8 requirements, and he must do so with particularity, providing sufficient facts supporting his allegations. *See Twombly*, 550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8). Allegations that are implausible and unsupported by facts or evidence are insufficient to state a claim. *Id.* Despite the court's explicit instructions to provide the factual details regarding when and how his constitutional rights were allegedly violated, Plaintiff has failed to meet the pleading standards required by Rule 8 and failed to allege a factual basis for which the named Defendants could be sued pursuant to § 1983. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted). Here, Plaintiff makes general allegations about food tampering, property destruction, and cell invasion, but he fails to identify which, if any, named

4

Defendant carried out such actions, nor does he provide any factual allegations regarding these claims outside of his blanket assertions. As such, Plaintiff's allegations fail to state a claim and should be dismissed pursuant to § 1915(e)(2)(B).

Traditionally, district courts are required to permit a pro se plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, as Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Therefore, the court declines to afford Plaintiff an additional opportunity to amend his complaint at this juncture.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that that Plaintiff's claims against Defendants be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 18th day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE