UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00073

———

**Anthony Prescott,**
*Plaintiff,*

v.

**Billy E. Horton et al.,**
*Defendants.*

———

# ORDER

Plaintiff Anthony Prescott, proceeding pro se, filed this civil-rights action on February 22, 2024. Doc. 1. The case was transferred to this district and referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the action. On April 18, 2024, Judge Love issued a report and recommendation (Doc. 12), recommending that the case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. Plaintiff filed objections to the report and recommendation. Doc. 15.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc).

Here, the magistrate judge initially issued a deficiency order, outlining the deficiencies in plaintiff's complaint and providing plaintiff an opportunity to amend. Doc. 7. The court provided plaintiff a copy of the standard § 1983 form on which to amend his complaint. *Id.* Plaintiff failed to timely amend his complaint in compliance with the court's order and the magistrate judge considered his pleadings pursuant to 28 U.S.C. § 1915(e)(2), recommending a dismissal with prejudice on account of plaintiff's failure to amend. Doc. 12. Plaintiff objected to the report and recommendation and requested an extension of time to file his amended complaint. Doc. 15. On April 26,

2024, the magistrate judge granted plaintiff's request for extension, providing an extension to May 24, 2024, and reminded plaintiff that he needed to file a complaint that legibly explains in detail how his constitutional rights were allegedly violated at the Coffield Unit and by whom. Doc. 16. Plaintiff was again sent a copy of the standard § 1983 form to aid in his amendment. *Id.* The magistrate judge then granted plaintiff a second extension until June 24, 2024, to file his amended complaint. Doc. 19. Plaintiff received the court's order granting his second extension of time on June 1, 2024, but has failed to timely file an amended complaint. More than sufficient time has passed to comply with the court's initial order to amend, which was issued on March 5, 2024. Plaintiff did not file an amended complaint until June 30, 2024, which was untimely and also failed to comply with the court's order.

Plaintiff's objections do not respond to the substance of the magistrate judge's report and recommendation, nor do they provide a legal or factual basis for any of his asserted claims. Doc. 15. Plaintiff states that he adequately "explained how the government authorities pervasively hack my digital devices, change data, corrupt files and prevent processes and systems from working as originally intended by equipment and software developers." *Id.* at 3. These factual allegations fail to explain how plaintiff's constitutional rights were violated at the Coffield Unit and by whom. The amended complaint therefore fails to state a claim pursuant to 42 U.S.C. § 1983. Moreover, even to the extent it could be inferred that employees of the Coffield Unit were somehow the government authorities responsible for "hacking" plaintiff's devices through a sophisticated system disruption, such a claim is factually frivolous. *See Starrett v. U.S. Dep't of Def.*, 763 F. App'x 383, 383–84 (5th Cir. 2019) (affirming dismissal of "outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent technology" brought against "a wide variety of government agencies and private companies" because the "pleaded facts are facially implausible"); *Gary v. U.S. Gov't*, 540 F. App'x 916, 916–18 (11th Cir. 2013) (affirming dismissal of complaint as frivolous

where plaintiff alleged that government officials implanted microchips in her body that caused her injury and pain).

Further, even considering plaintiff's untimely amended complaint, it details twenty-six pages of allegations, but fails to address how his rights were violated at the Coffield Unit, as directed. The only allegations directed to plaintiff's time at the Coffield Unit is his claim that a non-party to this case, Andreas Gillman, DDS, sent him off site for dental treatment instead of treating him on site, which caused delay in his care. Doc. 22 at 14. But the amended complaint expressly does not name Andreas Gillman as a party to this suit, nor have any of plaintiff's previous pleadings named him as a defendant in this case. As such, plaintiff has not stated a claim against any named defendant in this case regarding how his rights were violated at the Coffield Unit. Plaintiff has had many months and opportunities to state a claim and has failed to do so. Therefore, as pleaded, the court agrees that the entirety of this case should be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly, this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). All motions pending in this civil action are denied as moot.

*So ordered by the court on July 30, 2024.*

J. CAMPBELL BARKER
United States District Judge